

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 9:05-CR-51** |
| **JOE CLARENCE WILLIAMS** | § § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 11, 2006, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the defendant, Joe Clarence Williams, on **Counts 1 and 3** of the charging **Indictment** filed in this cause. Count 1 of the Indictment charges that on or about January 5, 2005, in the Eastern District of Texas, Joe Clarence Williams, Defendant herein, did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance,

namely a mixture or substance containing a detectable amount of methamphetamine, in an amount of less than five (5) grams, in violation of Title 21, United States Code, Section 841(a)(1). *See Indictment.*

Count 3 charges that on or about January 5, 2005, in the Eastern District of Texas, Joe Clarence Williams, Defendant herein, did knowingly possess in and affecting commerce a firearm, to wit: a Smith and Wesson, .380 caliber pistol, bearing serial number RAC7494, and Defendant had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit: Theft of a Firearm, a felony, in Cause Number 916001, in the 185th Judicial District Court, Harris County, Texas, on June 26, 2002, in violation of Title 18, United States Code, Section 922(g)(1). *See Indictment.*

Defendant, Joe Clarence Williams, entered a plea of guilty to Count 1 and Count 3 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that

Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant Joe Clarence Williams' plea is voluntary and did not result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 841(a)(1) and 18 U.S.C. §§ 922(g)(1).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation.*  If the case proceeded to trial, the Government and Defendant agreed that the Government would prove, beyond a reasonable doubt, each and every essential element of the charging offense.  The Government and Defendant also agreed that it would be proven that Defendant, Joe Clarence Williams, is one and the same person as the person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas.  Had the matter proceeded to trial, the Government would have presented admissible exhibits and the testimony of witnesses, including Texas Department of Safety analysts, Polk County (Texas) Sheriff's officers, and Special Agents with the Bureau of Alcohol, Tobacco and Firearms.  Specifically, the Government would establish, through the sworn testimony and evidence, the following facts, as stated in the *Factual Basis:*

The Government would present testimony from investigators with the Polk County Sheriff's Office. They would testify that on or about January 5, 2005, they were investigating reports of drug trafficking in the Putnam's Landing area of Polk County and were in the subdivision to interview witnesses. While in route to a house, the investigators noticed a truck leaving that residence and driving in the opposite direction. The investigators noticed the driver, Joe Clarence Williams, was not wearing a seat belt. The officers conducted a traffic stop. In addition to Mr. Williams, there was a female passenger in the truck. Investigator Lowrie, an experienced narcotics investigator, spoke with Defendant Williams, advising him that he was in route to his house to question him about drug trafficking in the area. He then asked Mr. Williams if he had anything illegal on him. Williams responded that he had methamphetamine in his front right pocket. Investigator Lowrie then reached into Williams' front pocket and recovered a small glass container containing what appeared to be methamphetamine. A further search of the Defendant's person revealed several small clear plastic bags of what appeared to be methamphetamine in Mr. Williams' left front pocket. Lowrie would testify that this was packaged in a manner consistent with distribution. Investigator Lowrie also located a semi-automatic handgun, Smith & Wesson .380 caliber, serial RAC7494 inside of the truck, under the driver's seat.

In a video-taped interview conducted by the Polk County Sheriff's investigators, the Defendant admitted that he had been selling small amounts of methamphetamine and that he knew there was a firearm under the seat. He further stated that he knew that as a convicted felon, it was a federal crime for him to possess such a firearm.

The Government would present evidence showing that a laboratory analysis confirmed that the substances retrieved were methamphetamine of a weight of 3.44 grams. These results would be testified to by a forensic analyst with the Texas Department of Public Safety.

The Government would also provide a certified copy of a criminal judgment entered against Joe Clarence William. That would show that Defendant had previously been convicted of a crime, to wit: Theft of a Firearm, a felony, in cause number 916001 in the 185th Judicial District Court, Harris County, Texas on June 6, 2002.

The Government would also present the testimony of a Special Agent with the Bureau o f Alcohol, Tobacco, Firearms, and Explosives. The Agent is an expert in the field of interstate commerce as it relates to the manufacturing of firearms and ammunition. Testimony would show that the firearm seized in this case matched the serial number and description of the firearm alleged in Count 3 of the Indictment and that it meets the definition of firearms and would have traveled in interstate commerce.

Defendant, Joe Clarence Williams agreed with the above-stated facts. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## **RECOMMENDED DISPOSITION**

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential

elements of the offenses charged in **Count 1** and **Count 3** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement. [1] Accordingly, it is further recommended that, Defendant, Joe Clarence Williams be finally adjudged as guilty of the charged offenses under Title 18, United States Code, Section 922(g)(1) and 21 U.S.C. § 841(a)(1).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of August, 2006.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE